UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL LYNN ANDERSON,

        Plaintiff,

v.

TIMOTHY G. HICKS et al.,

        Defendants.
_____/

Case No. 1:21-cv-220

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on grounds of immunity and failure to state a claim.

## Discussion

### I.     Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan.

Plaintiff sues Muskegon County Circuit Judges Timothy G. Hicks and William C. Marietti, as well as Muskegon County Clerk Nancy Waters.

Plaintiff alleges that Defendants conspired to defame him, deny him access to the courts, and deprive him of his liberty by refusing to allow him to file additional pleadings in his case. He asserts that, on June 4, 2018, Defendants Hicks and Marietti produced a fraudulent memo, barring Plaintiff, as well as eight other individuals, from filing any further motions in their criminal cases. (Attach. to Compl., ECF No. 1-1, PageID.18.) The memo discussed Mich. Ct. R. 6.502(G)(1), which permits felons from filing more than one motion for relief from judgment, absent limited circumstances that rarely apply, and mandates the return of improper successive motions without filing. (*Id.*) Defendants Hicks and Marietti concluded that the ban on further motions was appropriate because Plaintiff, like the other listed litigants, routinely attempted to avoid the rule by creatively, but improperly, naming their motions as something other than motions for relief from judgment.

Plaintiff attempted to file a motion for writ of habeas corpus, to challenge his conviction and detention. Acting in accordance with the memo, Defendant Waters apparently returned the motion to Plaintiff without filing.

Plaintiff seeks a declaration that Defendants defamed him and assaulted his character, denied him due process, violated their oaths of office, denied him access to the courts, and worked to conceal his ostensibly illegal restraint. Plaintiff also seeks nominal, compensatory, and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Judicial immunity

Plaintiff sues Muskegon County Circuit Judges Hicks and Marietti, contending that, by placing a restriction on Plaintiff's filing of additional challenges to his conviction, they have deprived him of due process and access to the courts and have defamed him and violated their oaths of office.

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that Defendants Hicks and Marietti were acting within their jurisdiction to evaluate Plaintiff's multiple collateral attacks on his judgment and to determine that no further challenges to the conviction would be permitted. Accordingly, Judges Hicks and Marietti are absolutely immune from damages, and Plaintiff therefore is not entitled to damages against them. 28 U.S.C. § 1915(e)(2)(B)(iii).

Similarly, Defendant County Clerk Waters is entitled to quasi-judicial immunity for carrying out the judges' directive. Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages); *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (federal court clerk). *Cf. Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 437 & n.11 (1993) (court reporter not entitled to absolute immunity for preparing transcripts because that function is ministerial; it does not exercise the kind of judgment protected by judicial immunity). Defendant Waters was clearly performing a quasi-judicial function and is entitled to immunity. Plaintiff therefore may not maintain an action against her for monetary damages.

In addition to damages, however, Plaintiff also seeks prospective injunctive and declaratory relief. Injunctive relief is not available under § 1983, because, under the 1996

amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Plaintiff also seeks declaratory relief. A request for declaratory relief, by itself, does not present a justiciable controversy. Where there is no claimed continuing violation of federal law, no occasion to issue an injunction, and a declaratory judgment would serve no useful purpose, declaratory relief is inappropriate. *Green v. Mansour*, 474 U.S. 64, 73 (1985). Instead, declaratory relief, like injunctive relief, is prospective only. *See Small v. Brock*, 963 F.3d 539, 543 n.2 (6th Cir. 2020) (citing *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) (holding that, in the absence of a real and immediate threat that the action will occur in the future, a plaintiff is not entitled to declaratory relief)).

In the present action, Plaintiff seeks declaratory relief on his claim of defamation, ostensibly arising out of the memo banning his further filings, because it indicates that he has abused the remedy of a motion for relief from judgment, which Plaintiff alleges he has not filed. Even if in the unlikely event that the memo could be construed as being defamatory under Michigan tort law, the issuance of the memo represents only a past act of defamation. Plaintiff utterly fails to allege any continuing defamation. He therefore is not entitled to declaratory relief on his defamation claim. Because no other relief is available to Plaintiff on that claim, his defamation claim must be dismissed.

Nevertheless, Plaintiff arguably suggests that there exists a continuing violation that bars his access to the courts, deprives him of due process, and violates Defendants' oaths of office. As a consequence, the Court will consider whether Plaintiff is entitled to declaratory relief on the merits of his remaining claims.

IV.  **Merits of claim**

Plaintiff alleges that he is entitled to injunctive relief on his claims that Defendants continue to deny him access to the courts, deprive him of due process, and violate their oaths of office by barring him from filing additional state-court challenges to his criminal conviction.

A.  ***Rooker-Feldman* bar**

To the extent that Plaintiff seeks a declaration that Defendants wrongly determined that Plaintiff had exhausted any legitimate basis for challenging his conviction and would be barred from filing any further challenges, he seeks to collaterally attack a state-court determination that, while not in order form, acted as a judicial administrative order governing the clerk's acceptance of filings. A doctrine known as *Rooker-Feldman* limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-*

7

*Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

The source of the injury here clearly is the state-court determination that Plaintiff was not entitled to file additional challenges to his conviction and direction to the clerk of court to return to Plaintiff any further motion in his criminal action, in accordance with Mich. Ct. R. 6.502(G)(1). The Court concludes that the state-court proceedings are complete as to the actions to which Plaintiff objects. Regardless, the Sixth Circuit has held that *Rooker–Feldman* applies to interlocutory orders. *See Pieper v. Am. Arb. Ass'n, Inc.*, 336 F.3d 458 (6th Cir. 2003). As a consequence, this Court lacks jurisdiction to overturn the state-court determination under the *Rooker-Feldman* doctrine.

B. **Access to the Courts**

Assuming that the *Rooker-Feldman* doctrine does not bar this Court's exercise of jurisdiction, Plaintiff's claim that he has been denied access to the courts is meritless. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824–25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the

courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).

Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous). In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 415.

Plaintiff makes only a vague allegation that he attempted to file a state habeas complaint in June 2018 that was rejected by Defendant Waters. Under Michigan law, habeas

9

corpus relief "cannot seve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction." *People v. Price*, 179 N.W.2d 177, 180 (1970). Instead, under Mich. Comp. Laws § 600.7310(3), a complaint for habeas corpus filed by a convicted prisoner must be based on a radical defect in jurisdiction that renders the conviction void. *Moses v. Dep't of Corr.*, 736 N.W.2d 481, 485 (Mich. Ct. App. 2007) (citing *Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482 (Mich. Ct. App. 1986)). Such "relief 'is open to a convicted person in one narrow instance[:] where the convicting court was without jurisdiction to try the defendant for the crime in question.'" *Moses*, 736 N.W.2d at 486 (quoting *Price*, 179 N.W.2d at 669–70).

Plaintiff does not allege the basis for his complaint or indicate that it falls within the narrow band of circumstances for which state-court habeas relief is allowed. Nor could he. Plaintiff was convicted by a Muskegon County jury of second-degree murder and sentenced by Defendant Hicks on March 30, 2005, to a prison term of 35 to 65 years. Plaintiff appealed his convictions to the Michigan Court of Appeals. In an unpublished opinion issued on January 30, 2007, the court of appeals affirmed the conviction and sentence. *See People v. Anderson*, No. 261933, 2007 WL 247940 (Mich. Ct. App. Jan. 30, 2007). Petitioner sought leave to appeal to the Michigan Supreme Court, which was denied on July 30, 2007. *People v. Anderson*, No. 133455, 735 N.W.2d 238 (Mich. July 30, 2007).

Since completing his direct appeal, Plaintiff has filed a string of state habeas corpus challenges to his conviction, all of which have been dismissed or denied.[1] *See People v. Anderson*, No. 332894 (Mich. Ct. App. July 5, 2016) (appeal from March 18, 2016, Muskegon County Circuit Court order denying habeas corpus relief, dismissed for lack of jurisdiction),

---

[1] While the Court does not have a complete list of the motions filed by Plaintiff, it is able to identify those from which Plaintiff has filed an appeal. *See* Mich. Ct. App. Electronic Docket, Party Name Search for Michael Lynn Anderson, https://courts.michigan.gov/opinions_orders/case_search/Pages/default.aspx?SearchType=2&PartyName=Anderson +Michael+Lynn&CourtType_PartyName=3&PageIndex=0&PartyOpenOnly=0 (visited April 7, 2021).

10

https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1& CaseNumber=332894&CourtType_CaseNumber=2 (visited April 7, 2021)[2]; *People v. Anderson*, No. 333995 (Mich. Ct. App. Sept. 27, 2016) (second appeal from March 18, 2016, circuit court denial of habeas corpus, dismissed for failure to pay the filing fee), *leave to appeal den.*, No. 154812 (Mich. May 2, 2017), https://courts.michigan.gov/opinions_orders/case_search/pages/ default.aspx?SearchType=1&CaseNumber=333995&CourtType_CaseNumber=2 (visited Apr. 7, 2021); *People v. Anderson*, No. 335784 (Mich. Ct. App. Nov. 29, 2016) (third appeal from March 18, 2016, Muskegon County Circuit Court order denying habeas corpus relief, dismissed for lack of jurisdiction because untimely), https://courts.michigan.gov/opinions_orders/case_search/ pages/default.aspx?SearchType=1&CaseNumber=335784&CourtType_CaseNumber=2 (visited Apr. 7, 2021); *People v. Anderson*, No. 339196 (Mich. Ct. App. July 18, 2017) (appeal from June 9, 2017, circuit court order denying the appointment of counsel in collateral matter, dismissed for lack of jurisdiction over nonfinal order), https://courts.michigan.gov/opinions_orders/ case_search/pages/default.aspx?SearchType=1&CaseNumber=339196&CourtType_CaseNumbe r=2 (visited Apr. 7, 2021); *People v. Anderson*, No. 353751 (Mich. Ct. App. Sept. 22, 2020) (appeal from Feb. 12, 2020, circuit court order denying habeas corpus; habeas corpus denied on appeal), https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?Search

---

[2] The Court takes judicial notice of these facts under Rule 201 of the Federal Rules of Evidence. The accuracy of the source regarding this specific information "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also* Paul F. Rothstein, *Federal Rules of Evidence* 49 (3d ed. 2019) (citing *Matthews v. NFL Mgmt. Council*, 688 F.3d 1107 (9th Cir. 2012) (taking judicial notice of statistics on the NFL website that the plaintiff played 13 games in California over 19 years); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236-37 (3d Cir. 2007), as amended (Nov. 20, 2007) (finding error where a district court took judicial notice of facts stated in "a party's . . . marketing material" on an "unauthenticated" website because marketing materials often lack precise and candid information and the source was not authenticated)).

Moreover, "[t]he court may take judicial notice at *any* stage of the proceeding." Fed. R. Evid. 201(d) (emphasis added). Thus, the Court may take judicial notice even at this early juncture because the Court is permitted to take judicial notice *sua sponte*, Fed. R. Evid. 201(c)(1), and "the fact is not subject to reasonable dispute," Fed. R. Evid. 201(b).

Type=1&CaseNumber=353751&CourtType_CaseNumber=2 (visited Apr. 7, 2021).[3] In the face of the repeated denials of habeas corpus relief to Plaintiff in the state court, no basis exists for concluding that yet another complaint for habeas corpus would have been nonfrivolous. Plaintiff therefore fails to allege the actual injury necessary to his access-to-the-courts claim.

### C. Due Process

Plaintiff also asserts that he was denied due process prior to the trial court's imposition of its ban on further challenges to Plaintiff's conviction. "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). While a prisoner unquestionably has a liberty interest in challenging his criminal conviction, no court has ever held that a prisoner has a protected interest in filing endless meritless state-court motions for habeas relief.

Moreover, to the extent that Plaintiff claims an interest under state law, he fails to state a due process claim. Claims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Plaintiff does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). As a consequence, Plaintiff has no due process interest in ensuring that Defendants continue to accept his state habeas

---

[3] Plaintiff also repeatedly has filed federal applications for writ of habeas corpus in this Court and the Eastern District of Michigan. *See Anderson v. Prelesnik*, No. 1:08-cv-250 (WD. Mich. March 26, 2010) (adopting the R. & R. and denying the petition on the merits); *Anderson v. Jackson*, No. 1:18-cv-959 (W.D. Mich. Sept. 5, 2018) (transferring petition to the Sixth Circuit as second or successive), *motion to file second or successive petition denied*, No. 18-2038 (6th Cir. Feb. 25, 2019); *Anderson v. Mich. Dep't of Corr.*, No. 2:19-cv-13798 (E.D. Mich. Jan. 9, 2020) (transferring the petition to the Sixth Circuit as second or successive), *motion to file second or successive petition denied*, No. 20-1034 (6th Cir. June 2, 2020); *Anderson v. MaCauley*, No. 1:21-cv-108 (W.D. Mich. Feb. 16, 2021) (transferring petition to the Sixth Circuit as second or successive).

complaints and other collateral challenges to his conviction where the state courts have determined that no further avenues are available to him.

### D. Violation of Oath of Office

Petitioner contends that Defendants, by preventing him from filing futher motions in his criminal action, are presently violating their state oaths of office.

Plaintiff's claim is a challenge to the propriety of Defendants' actions under state law. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Courts routinely have concluded that a plaintiff's claim that a state official violated their oath of office does not support an action under § 1983. *See Krajicek v. Nichols*, No. 98-1878, 1999 WL 991252, at *2 (6th Cir. Sept. 28, 1999); *Russell v. Clark*, No. 97-4360, 1999 WL 115492, at *1 (6th Cir. Feb. 9, 1999); *Cass v. Ward*, No. 96-5839, 1997 WL 327323 (6th Cir. June 17, 1997) (affirming district court dismissal of claim); *Lake v. Granholm*, No. 1:07-cv-572, 2008 WL 724162, at *2 n.3 (W.D. Mich. Mar. 17, 2008); *Mechler v. Hodges*, No. C-1-02-948, 2005 WL 1406102 at *7 (S.D. Ohio June 15, 2005) ("Neither the Constitution nor statutes which require state or federal officials to take oaths of office create a private cause of action for acting contrary to the Constitution.") (citing *Lewis v. Green*, 629 F. Supp. 546, 554 n.14 (D.D.C. 1986); *Simon v. Hollis*, 1997 WL 542721, *6 (D. Kan. 1997)); *accord United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007).

Because Plaintiff's oath-of-office claim is meritless, he is not entitled to declaratory relief on the alleged conduct.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), on grounds of immunity and failure to state a claim,. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   April 16, 2021                                  /s/ Hala Y. Jarbou
                                                         HALA Y. JARBOU
                                                         UNITED STATES DISTRICT JUDGE